IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE PARCEL OF PROPERTY LOCATED )<br>AT 5535 LEE ROAD 66, LEE COUNTY, )<br>ALABAMA, WITH ALL )<br>APPURTENANCES AND )<br>IMPROVEMENTS THEREON, )<br>)<br>Defendant. ) | CASE NO. 3:02-cv-665-F<br>(WO) |

**DECREE OF FORFEITURE**

On June 7, 2002, a Verified Complaint for Forfeiture In Rem against the Defendant One Parcel of Property Located at 5535 lee Road 66, Lee County, Alabama, with all appurtenances and improvements thereon (hereinafter, "Defendant property") was filed on behalf of the United States of America.

The Complaint alleges that the Defendant property, was used or intended to be used to commit or to facilitate the commission of a violation of Title II of the Controlled Substances Act, Title 21, United States Code, Section 841 et seq., which is punishable by more than one year's imprisonment; and, therefore, is subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(7).

It appearing that process was fully issued in this action and returned according to law;

Pursuant to an Order of Notice <u>In</u> <u>Rem</u> issued by this Court, the United States Marshals Service for the Middle District of Alabama posted a copy of the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> and Notice of Complaint of Forfeiture and Summons on the Defendant property on January 9, 2003;

On February 3, 10 and 17, 2003, notice of this action was published in the <u>Montgomery Advertiser</u> newspaper;

On February 5, 12 and 19, 2003, notice of this action was published in the <u>Opelika-Auburn News</u> newspaper;

On January 9, 2003, Robert Rush accepted service on behalf of his wife, Maria Pichardo, of the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> and Notice of Complaint of Forfeiture and Summons from the United States Marshals Service;

On January 9, 2003, Robert Rush was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> and Notice of Complaint of Forfeiture and Summons;

On January 9, 2003, Richard Teague, Risk Management Supervisor with Alabama Power Company, was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture <u>In</u> <u>Rem</u>, and Notice of Complaint of Forfeiture and Summons;

On January 9, 2003, Scottie Arnold, Assistant Vice-President Operations with Auburn

National Bank, was personally served by the United States Marshals Service with a copy of the Verified Complaint for Forfeiture <u>In Rem</u> and Notice of Complaint of Forfeiture and Summons;

On January 28, 2003, Robert Rush filed a Verified Claim and Answer to the Verified Complaint for Forfeiture <u>In Rem</u>;

On April 7, 2003, this Court entered default against Auburn National Bank, Maria Pichardo, and Alabama Power Company for failure to plead or otherwise defend as required by law.

On August 1, 2003, Alabama Power Company filed its motion requesting the court to set aside the default entered April 7, 2003;

On August 29, 2003, the default against Alabama Power Company was set aside;

On August 1, 2003, Alabama Power Company filed its Verified Claim and Answer to the Verified Complaint for Forfeiture <u>In Rem</u>;

On September 18, 2003, this Court approved a Stipulation for Compromise Settlement between the United States and Claimant Alabama Power Company in which the parties agreed that the easement of Claimant shall not be affected in any way by the forfeiture of the Defendant property and shall remain in full force and effect;

On June 1, 2005, the United States filed its Motion for Summary Judgment and Brief in Support of Summary Judgment;

On August 23, 2005, this Court entered a Memorandum Order and Opinion granting

summary judgment in favor of the United States and against Claimant Rush; and,

No other claim or answer has been filed on behalf of any other party as to the Defendant property.

Upon consideration of the motion of the United States for a Decree of Forfeiture (Doc. # 88), and for good cause shown, it is hereby

ORDERED, ADJUDGED, AND DECREED that the motion is GRANTED. The Defendant property, more particularly described below, is **forfeited** to the United States and no right, title or interest in the property shall exist in any other party:

> From the northeast corner of Section 22, Township 19 North, Range 24 East in Lee County, Alabama, proceed West along the northern boundary of said Section 22 for 1,488.2 feet to a point in the center of an abandoned roadway, which point is the point of beginning of the property herein to be described. From said point of beginning, run along the center of said abandoned roadway South 12 deg. 40 min. East for 143.7 feet; thence, leaving said abandoned road, run South 49 deg. 27 min. West for 1,346.6 feet to a point on the centerline of the county dirt road running from Loachapoka to Roxanna; thence North 30 deg. 20 min. West for 505.9 feet along the centerline of said road; thence leave said road and run North 59 deg. 40 min. East for 1,370.5 feet to a point in the center of the aforesaid abandoned roadway; thence South 29 deg. 36 min. East for 130.0 feet along said centerline of said abandoned roadway to the point of beginning. The above-described parcel of land contains 11.957 acres, more or less.

It is further ORDERED that Claimant Alabama Power Company's easement (recorded with the Lee County, Alabama Judge of Probate on December 22, 1986 in Book 1275, Pages 262-262) shall not be affected in any way by the forfeiture of the Defendant property and

shall remain in full force and effect.

The United States Marshal is hereby ORDERED to seize the above described property and take custody and control of it. All persons occupying said property at time of seizure shall be given Sixty (60) Days to vacate along with all personal property and possessions. The United States Marshal is expressly authorized to evict any person not vacating said property within the time specified by the United States Marshal. In the exercise of discretion the United States Marshal is authorized to allow persons to remain in the above described property after seizure when such continued occupancy is warranted;

The Defendant property shall be disposed of according to law.

DONE this 24th day of August, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE