IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:02-cv-665-F |
| | ) | (WO) |
| ONE PARCEL OF PROPERTY LOCATED | ) | |
| AT 5535 LEE ROAD 66, LEE COUNTY, | ) | |
| ALABAMA, WITH ALL | ) | |
| APPURTENANCES AND | ) | |
| IMPROVEMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED MEMORANDUM OPINION AND ORDER**

The Plaintiff, through its Motion to Correct Judgment (Doc. #92), has brought to the Court's attention that its Memorandum Opinion and Order of August 23, 2005, granting summary judgment in favor of the Government (Doc. #86), applied the incorrect standard for forfeiture.[1] In an earlier ruling, the Court vacated its August 23, 2005 opinion (Doc. #86) and corresponding Final Judgment (Doc. #87). The Court now enters the following Amended Memorandum Opinion and Order.

In this lawsuit brought pursuant to 21 U.S.C. § 881(a)(7), Plaintiff United States of

---

[1] Prior to the passage of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the government was required to show probable cause in order to seize the property in question. *See U.S. v. Collado*, 348 U.S. 323 (2d Cir. 2003). CAFRA changed this standard and supplies the burden of proof for "any civil forfeiture statute." 18 U.S.C. § 983(c). Under CAFRA, "the burden of proof is on the Government to establish, *by a preponderance of the evidence*, that the property is subject to forfeiture." *Id.* (emphasis added). Thus, in a civil forfeiture action, the government must satisfy the substantive requirements of the statute authorizing the seizure and the provisions of CAFRA that delineate the burden of proof. *U.S. v. 45 Claremont St.*, 395 F.3d 1, 3 (1st Cir. 2004).

America (hereinafter "Government") seeks forfeiture of one parcel of property, which it alleges was used to facilitate the manufacturing of marijuana. Robert Rush, Jr. (hereinafter "Rush"), the owner and occupant of the property, filed a claim of ownership for the parcel.[2]

This case is now before the Court on the motion for summary judgment filed by the Government. (Doc. # 78.) After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the Court finds that the motion for summary judgment is due to be GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

The United States commenced this *in rem* action, pursuant to 21 U.S.C. § 881(a)(7), seeking the forfeiture of Rush's residence located at 5535 Lee Road 66 in Lee County, Alabama (hereinafter "Parcel"), on the grounds that the property was used or was intended to be used to commit or to facilitate the commission of a violation of 21 U.S.C. § 801, *et seq*. In the light most favorable to Rush, the facts are as follows.[3]

On May 29, 2002, while conducting aerial surveillance in Lee and Chambers counties, the Alabama Department of Public Safety Marijuana Eradication Team observed marijuana plants in and on the Parcel. Due to this observation, law enforcement agents entered the Parcel and confirmed that approximately 116 marijuana plants were located in the curtilage of the Parcel. Although Rush's wife was present at the Parcel when the observation

---

[2] (Doc. # 9, V. Cl.)

[3] This recitation of "facts" is based upon the Verified Complaint (Doc. # 1), and the evidence submitted by the parties in support of and opposition to the motion for summary judgment.

2

occurred, Rush was not.  Rush however arrived at the Parcel shortly thereafter.  After Rush arrived on the Parcel and received Miranda warnings, he admitted that he grew and distributed marijuana on the Parcel.

On June 27, 2002, a one-count indictment was filed against Rush charging him with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1).[4]  On August 15, 2002, a superseding indictment was filed against Rush charging him with possession of a firearm in furtherance of the commission of the offense of manufacturing marijuana, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The superseding indictment also included a criminal forfeiture allegation for Rush's residence and other real property.

On May 12, 2003, Rush entered a conditional guilty plea to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1).[5]  On May 14, 2003, the criminal forfeiture allegation was stricken.  Rush was sentenced on September 3, 2003 and, during the sentencing proceeding, the firearm count in the superceding indictment was dismissed upon motion of the Government.  Rush received a sentence of 60 months' imprisonment (the statutory minimum), four years' supervised release and a $5,000 fine.

On June 7, 2002, the plaintiff, United States of America, filed a verified complaint for forfeiture *in rem*, thus initiating the claims made a basis of this lawsuit.  (Doc. # 1.)  Not until three years later, after protracted legal skirmishing, including an unsuccessful appeal

---

[4] This case is styled, *United States v. Rush*, 3:02-cr-93-T.

[5] (Doc. # 79, Ex. 1, Jury Trial Tr.).

to the Eleventh Circuit and unavailing petition for writ of certiorari to the United States Supreme Court, has this case progressed to its current posture. The Government has moved for summary judgment and the motion has been fully briefed. Therefore, the motion is ripe for this Court's consideration.

## II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1345 and 1355.[6] Venue is proper in this district pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881(j) because the act or omissions giving rise to the forfeiture occurred in this district and the property is located within this district.

## III. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[6] Pursuant to 28 U.S.C. § 1345, "the [federal] district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . ." In addition, 28 U.S.C. § 1355(a) provides that "the [federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

In the motion for summary judgment, the Government argues that no genuine issue of material fact exists, thus, it is entitled to judgment in its favor as a matter of law. In opposition to the motion, Rush argues that genuine issues of material facts exist and that no evidence has been established that the Parcel is forfeitable. Rush also argues that the forfeiture of the Parcel is a violation of the Eight Amendment's prohibition against excessive fines. The Court addresses each argument in turn.

A.   *Civil Asset Forfeiture Reform Act*

On April 25, 2000, Congress passed the Civil Asset Forfeiture Reform Act of 2000 (hereinafter "CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, to address concerns associated with federal civil forfeitures. Since the Government commenced this action after August 23, 2000, the date on which CAFRA became effective, that statute applies to this case.

CAFRA overhauled the procedures for civil judicial forfeiture proceedings. *See* 18 U.S.C. § 983. Significantly, the Government now has the burden of proving by a preponderance of the evidence that the property in question is subject to forfeiture. 18 U.S.C. § 983(c)(1); *see also United States v. Melrose East Subdivision*, 357 F.3d 493, 502 (5th Cir. 2004). Previously, the Government was only required to make a showing of probable cause, upon which, the claimant then had to rebut the Government's case by a preponderance of the evidence. *United States v. Bowman*, 341 F.3d 1228, 1233 (11th Cir. 2003).

B.   *Government's Burden of Proof*

Under CAFRA,

(1)   the burden of proof is on the Government to establish, *by a preponderance of the evidence*, that the property is subject to forfeiture.
(2)   the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
(3)   if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c) (emphasis added).  The Government alleges that the Parcel is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), which provides for forfeiture of:

All real property, including any right, title and interest (including any leasehold interest in the whole of any lot or tract of land and any appurtenances or improvements), which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(7).  Thus, the Government must show by a preponderance of the evidence that a substantial connection existed between the property and crimes at issue.  "The burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 622 (1993) (internal quotations and citations omitted).

The undisputed evidence here is sufficient to demonstrate that the Parcel was

7

substantially connected to the facilitation of the manufacturing of marijuana.[7] There is no dispute in this case that 116 marijuana plants were discovered on the Parcel. (Doc. # 1, V. Compl.). *See Barker v. Norman,* 651 F.2d 1107, 1115 (5th Cir. 1981) (if verified complaint satisfies the other standards for affidavits as set out in Fed. R. Civ. P. 56(e), it shall be considered to have an effect equivalent to that of an affidavit).[8] In addition, there is no dispute that Rush continuously grew the marijuana on the Parcel. (*Id*. at ¶ 8(b)). *See United States v. Real Property in Section 9*, 308 F. Supp. 2d 791 (E.D. Mich. 2004). Indeed, during the change of plea proceedings, Rush even testified that he: (1) planted the marijuana seeds in pots, (2) nurtured the marijuana seeds by watering them, and (3) kept the pots in the curtilage[9] of his residence.[10] Hence, Rush's admission of cultivating and maintaining the marijuana on the Parcel is indisputably sufficient to demonstrate a substantial connection to facilitation and warrant forfeiture of the property.

In response, Rush argues that, based upon the law of fixtures, since the marijuana plants were located in pots and not affixed to the Parcel, they should not be subject to

---

[7] The contested property need not be "instrumental" in the facilitation of the illegal drug activity. *See, e.g., Nnadi v. Richter,* 976 F.2d 682, 686 (11th Cir. 1992) ("a car is considered directly involved when it is used to transport an individual to the place where a drug transaction takes place even though it is not used to transport money or drugs").

[8] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

[9] Rush testified that he kept the pots immediately outside the back door of his house. (Doc. # 79, Ex. 1, Jury Trial Tr. 15.)

[10] (*Id*. at 14-15.)

forfeiture. Rush relies upon the Fifth Circuit case, *United States v. One 1978 Mercedes Benz,* 711 F.2d 1297, 1304-05 (5th Cir. 1983), in which the court resorted to a comparison of the federal forfeiture laws to the law of fixtures related to real property in evaluating whether a telephone mounted in an automobile used to transport cocaine should be forfeited pursuant to 21 U.S.C. § 881(a)(4). The Fifth Circuit held that the telephone – which was seized along with the vehicle – was *not* subject to forfeiture as a component part of the vehicle. In so holding, the court stated the following:

> The court should also give great weight to a final consideration which has no roots in fixture law. If there is any evidence before the court that the item was used in furtherance of the underlying crime[,] . . . that fact should weigh heavily in the court's decision to forfeit the item as a part of the contra-band condemned vehicle.

711 F.2d at 1305. Having considered the analysis in *One 1978 Mercedes Benz,* which interpreted 21 U.S.C. § 881(a), this Court finds that it does not provide sufficient legal support for Rush's argument. Here, the Parcel *was* used in furtherance of the criminal offense as it was the location where the offense occurred. Undoubtedly, the marijuana plants could have been moved or placed in other locations prior to the date of Rush's arrest,[11] but Rush has presented no evidence of such action.

---

[11] Although *One 1978 Mercedes Benz* constitutes persuasive authority, it would be more applicable to this case if the Government was also seeking forfeiture of Rush's vehicle. *One 1978 Mercedes Benz* would support a theory that the vehicle should not be forfeited because Rush did not use that vehicle to purchase the seeds, house the plants, or transport the seeds or plants. As the vehicle is not a fixture to the Parcel, it is arguable that the legal tenet in *One 1978 Mercedes Benz* is applicable. This example however is not the scenario that the Court has before it.

Additionally, Rush denies that the Parcel was used to facilitate the manufacturing of the marijuana and contends that this denial creates a genuine issue of material fact that defeats the motion for summary judgment. However, the purpose of summary judgment is to go beyond the parties' pleadings to determine whether a genuine issue of material fact necessitates a trial. *See Matsushita*, 475 U.S. at 586-87. Although the non-moving party is not always required present evidence beyond its pleadings, that is not the case where the moving party has presented sufficient evidence to carry the applicable burden of persuasion. *Id*. "In response to a properly supported motion for summary judgment, 'an adverse party may not rest upon mere allegations or denials of the adverse party's pleading*s*, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Rice-Lamar v. City of Ft. Lauderdale, Florida*, 232 F.3d 836, 840 (11th Cir. 2000) (quoting Fed. R. Civ. P. 56(e)).

As discussed above, the Government has produced considerable evidence that the Parcel was substantially connected with the manufacturing of marijuana. This evidence makes a clear demonstration that the Parcel was used in facilitation of the criminal offense. Thus, the burden has shifted to the Claimant to demonstrate a triable issue of fact, which Rush's unsubstantiated denial of the Parcel's involvement in the criminal offense does not establish.[12]

---

[12] Rush properly does not deny his involvement in the criminal offense on the Parcel. Indeed, in light of his plea in the criminal proceedings, Rush cannot in these civil proceedings deny his drug activity on the Parcel. *See United States v. Schumann,* 861 F.2d 1234, 1237 (11th Cir. 1988) ("an issue resolved in the government's favor in a criminal proceeding may not be challenged

Accordingly, the Court finds that the Government has demonstrated that the Parcel had a substantial connection to the criminal offense. The undisputed evidence indicates that the marijuana was cultivated, distributed, maintained, and found on the Parcel. Consequently, the Government has satisfied its burden by proffering sufficient evidence to support a finding by a preponderance of the evidence that the Parcel was used to facilitate the commission of a criminal offense– namely, the manufacturing of marijuana. *See* 18 U.S.C. § 983(c)(3). As Rush has not produced any evidence to refute this finding, the Government is entitled to summary judgment.

D.     *Eighth Amendment Claim*

Rush contends that the forfeiture of the Parcel constitutes an "excessive fine" in violation of the Eighth Amendment. Rush maintains that the fair market value of the Parcel, including his home, is approximately $90,000 to $100,000 and argues that the forfeiture is unconstitutional because the value of the Parcel is grossly disproportionate to the gravity of the offense. Rush further maintains that forfeiture of the Parcel is disproportionate and excessive in relation to the "crime he committed given the sentence actually adjudicated in this case."[13]

Forfeiture under the statute involved in this case, 21 U.S.C. § 881(a)(7), is limited by the Eighth Amendment's Excessive Fines Clause. *See Austin v. United States,* 509 U.S. 602,

---

by the defendant in an attendant civil suit brought by the government") (citing *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 157 (1963)).

[13]   (Doc. # 82, Br. in Opp'n at 9).

11

622 (1993); *United States v. 817 N.E. 29th Drive, Wilton Manors,* 175 F.3d 1304, 1309 (11th Cir. 1999). A fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian,* 524 U.S. 321 (1998). The Eleventh Circuit noted in *Wilton Manors* that Congress and the United States Sentencing Commission have provided courts with the monetary terms by which they can proportion the value of forfeited property: "If the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional . . . [I]f the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." *Wilton Manors,* 175 F.3d at 1309-10.

In this case, Rush's sentence resulted from a violation of 21 U.S.C. § 841(a) which provides for a sentence pursuant to 21 U.S.C. § 841(b)(1)(B).[14] Under 21 U.S.C. § 841(b)(1)(B), Rush faced a maximum statutory fine of $2,000,000 at sentencing. According to the Government, Rush's sentencing guideline level[15] suggests a fine of $5,000 to $50,000.[16] *See* U.S.S.G. § 5E1.2(c)(3).[17] The guidelines state however that where a statute authorizes a maximum fine greater than $250,000, the maximum fine imposed by the

---

[14] (*See* Doc. # 156, Criminal Judgment in criminal action no. 3:02-cr-93-T (M.D. Ala. Sept. 11, 2003)).

[15] The sentencing guideline level is unknown to this Court as it is not in the evidence submitted by the parties and not stated in the Criminal Judgment in the criminal case.

[16] (Doc. # 84, Pl.'s Reply Br. 8.)

[17] All references to the United States Sentencing Guidelines Manual (hereinafter "U.S.S.G") will appertain to the 2001 edition.

guidelines does not apply and the statutory maximum applies instead. *See* U.S.S.G. § 5E1.2(c)(4). In application of the statutory maximum, it is clear that under the statute, a fine of $100,000 (value of Parcel) could not be considered grossly disproportionate to Rush's crime. *See United States v. 10380 SW 28th Street,* 214 F.3d 1291, 1295 (11th Cir. 2000) (finding forfeiture of $119,000 property did not violate the Eighth Amendment when maximum statutory fine was $4,000,000). Moreover, a total fine of $105,000 (value of Parcel combined with $5,000 fine previously imposed) could not be considered grossly disproportionate because it is well within the maximum fine prescribed by statute. Accordingly, forfeiture of the $100,000 Parcel based on Rush's crime does not violate the Eighth Amendment.[18]

Because Rush's rebuttal falters, that is, he has failed to introduce evidence that a reasonable jury could find, by a preponderance of the evidence, that he is entitled to the property, the Government is entitled to summary judgment. Consequently, the Parcel is due to be forfeited to the Government. *United States v. Two Parcels of Real Property*, 80 F. Supp. 2d 1298, 1307 (M.D. Ala. 2000) ("If the claimant fails to meet [his] burden, the property is forfeited to the government.").

---

[18] The Court notes that Rush also argues that certain personal factors should be considered in its determination of an appropriate fine. This argument lacks merit. *See Wilton Manors,* 175 F.3d at 1311 ("The Supreme Court . . . has made clear that whether a forfeiture is 'excessive' is determined by comparing the amount of the forfeiture to the gravity of the offense . . . and not by comparing the amount of the forfeiture to the amount of the owner's assets . . . . [E]xcessiveness is determined in relation to the characteristics of the offense, *not in relation to the characteristics of the offender*.") (footnote omitted) (emphasis added).

## V.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Motion for Summary Judgment (Doc. # 78) is GRANTED and the Defendant-property is due to be forfeited to the United States.

A separate final judgment will be entered in accordance with this Amended Memorandum Opinion and Order.

The Clerk of the Court is DIRECTED to remove the above-styled case from the trial docket.

DONE this 2nd day of November, 2005.

                                            /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE